**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SONIA ARELI GONZALEZ-GARCIA; MERCI SELENE GONZALEZ-GARCIA, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 05-72579 <br><br> Agency Nos. A078-941-791 <br> A078-941-792 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 12, 2009[**]

Before:     PREGERSON, CANBY, and BERZON, Circuit Judges.

Sonia Areli Gonzalez-Garcia and her daughter Merci Selene Gonzalez-

Garcia, natives and citizens of El Salvador, petition for review of the Board of

Immigration Appeals' ("BIA") order dismissing their appeal from an immigration

judge's decision denying their applications for asylum and withholding of removal.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Lopez v. Ashcroft*, 366 F.3d 799, 802 (9th Cir. 2004), and we grant the petition for review and remand.

The BIA's determination that "there is no evidence that anyone sought to harm the respondent, her husband (who the guerillas allegedly sought) or their family because of his status as a former member of the military" is not supported by substantial evidence. *See id.* at 804 (harm by guerrillas was punishment for alien's pro-establishment political views). Sonia Areli Gonzalez-Garcia testified to several incidents in which the guerillas abducted family members in their search for her husband, and his asylum application asserts that the guerillas were likely motivated by his former position in the Treasury Police. *See Gafoor v. INS*, 231 F.3d 645, 650-51 (9th Cir. 2000) ("[A]n applicant need only produce evidence from which it is reasonable to believe that the harm was motivated, at least in part, by an actual or implied protected ground.") (internal quotation marks omitted).

Moreover, the BIA did not consider all the evidence in the record. *See Bromfield v. Mukasey*, 543 F.3d 1071, 1077 (9th Cir. 2008). Sonia's asylum application stated that it was based on the pending asylum application of her husband; she attached her husband's asylum application to her own; and both

petitioners were listed as derivatives on the husband's application.[1]  The BIA

therefore should have considered the facts contained in his application.  *See id*.

We therefore remand for the agency to consider whether the total record

establishes that the pursuit of Sonia's husband and the abductions of family

members were motivated by her husband's status and whether the incidents were

"closely tied" to these petitioners.  *See Arriaga-Barrientos v. INS*, 937 F.2d 411,

414 (9th Cir. 1991).

The BIA failed to address petitioners' claim that they are eligible for

humanitarian asylum relief under 8 C.F.R. § 1208.13(b)(1)(iii)(B), and we remand

for the BIA to consider that argument in the first instance.  *See Sagaydyak v.

Gonzales*, 405 F.3d 1035, 1040 (9th Cir. 2005) ("the BIA [is] not free to ignore

arguments raised by a petitioner"); *see also INS v. Ventura*, 537 U.S. 12, 16-18

(2002) (per curiam).

**PETITION FOR REVIEW GRANTED; REMANDED**.

---

[1]The husband was granted relief in 2008.